

PD

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

$4400

| | |
|---|---|
| Tanya Peters, on behalf of herself and similarly situated employees, | CIVIL ACTION |
| | NO. ____16____  6637 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| CookNSolo, Inc., | |
| Defendant. | |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Plaintiff Tanya Peters ("Plaintiff") brings this class/collective action lawsuit against

Defendant CookNSolo, Inc. ("Defendant"), seeking all available relief under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act of

1968 ("PMWA"), 43 P.S. §§333.101, *et seq.*, and the Philadelphia Gratuity Protection Bill

("GPB"), Philadelphia Code § 9-614.

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the FLSA claim pursuant to 29

U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      This Court has subject matter jurisdiction over the PMWA and GPB claims

pursuant to 28 U.S.C. § 1367.

3.      Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

4.      Plaintiff is an individual residing in Milwaukie, OR (Clackamas County).

5.      Plaintiff is an employee covered by the FLSA, PMWA and GPB and entitled to

their protections.

1

6.      Defendant is a Pennsylvania corporation maintaining a principal place of business in Philadelphia, PA (Philadelphia County).

7.      Defendant employs individuals, including Plaintiff, engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

8.      Defendant is an employer covered by the FLSA, PMWA, and GPB.

## FACTS

9.      Defendant owns and operates a restaurant called Zahav and located at 237 St. James Place, Philadelphia, PA 19106.

10.     During the past three-years, Defendant has employed at least 30 individuals as servers at Zahav.

11.     Servers at Zahav are primarily responsible for taking customers' food and drink orders, serving food and drinks to customers, and otherwise waiting on customers at the restaurant tables.

12.     Plaintiff was employed by Defendant as a server at Zahav from approximately March 2014 until approximately December 2015.

13.     Defendant has paid Plaintiff and other servers an hourly wage of $2.83 plus tips.

14.     In seeking to comply with the FLSA and PMWA mandate that employees receive a minimum wage of $7.25/hour, Defendant has purported to utilize a "tip credit" in the amount of $4.42 ($7.25 - $2.83) for each hour worked by Plaintiff and other servers. *See* 29 U.S.C. § 203(m); 43 P.S. § 333.103(d).

15.     Defendant has required Plaintiff and other servers to contribute a portion of their tips to other restaurant employees who work as silverware polishers.

2

16.     For example, Plaintiff recalls paying approximately $5.00 per shift to each silverware polisher working that shift.

17.     Silverware polishers spend their work hours cleaning silverware and performing other manual labor away from the restaurant's dining area.  As such, they have no customer contact or interaction.

## COLLECTIVE AND CLASS ALLEGATIONS

18.     Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of herself and all individuals who, during anytime within the past three years, have been employed as servers at Defendant's Zahav restaurant.

19.     Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

20.     Plaintiff brings her PMWA and GPB claims pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals who, during any time within the past three years, have been employed as servers at Defendant's Zahav restaurant.

21.     The putative class, upon information and belief, includes at least 30 individuals, all of whom are readily ascertainable based on Defendant's standard timekeeping and payroll records, and, as such, is so numerous that joinder of all class members is impracticable.

22.     Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

23.     Plaintiff will fairly and adequately represent the class members and their interests,

and she has retained competent and experienced counsel who will effectively represent the class members' interests.

24.     Questions of law and fact are common to all class members, since, *inter alia*, this action concerns the legality of Defendant's standardized compensation practices, including Defendant's practices of using the tip credit to satisfy its minimum wage obligations and requiring class members to share tips with silverware polishers.

25.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only Plaintiff and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging Violations of the FLSA)

26.     All previous paragraphs are incorporated as though fully set forth herein.

27.     The FLSA entitles employees to a minimum hourly wage of $7.25.

28.     While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers, they forfeit the right to do so when they require servers to share tips with other restaurant employees who do not "customarily and regularly receive tips." *See* 29 U.S.C. § 203(m). Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a tip credit when tips are shared with employees – such as Defendant's silverware polishers – who have little to no direct customer interaction. *See, e.g., Montano v. Montrose Restaurant Associates, Inc.*, 800 F.3d 186 (5th Cir. 2015); *Ford v. Lehigh Valley Restaurant Group, Inc.*, 2014 U.S. Dist. LEXIS 92801 (M.D. Pa. July 9, 2014).

29.     By requiring Plaintiff and other servers to share tips with silverware polishers, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage

4

obligations to Plaintiff and other servers.  As such, Defendant has violated the FLSA's minimum wage mandate by paying Plaintiff and other servers an hourly wage of $2.83 rather than $7.25.

30.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### (Alleging Violations of the PMWA)

31.     All previous paragraphs are incorporated as though fully set forth herein.

32.     The PMWA entitles employees to a minimum hourly wage of $7.25.

33.     While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers, they forfeit the right to do so when they require servers to share tips with other restaurant employees who do not "customarily and regularly receive tips."  43 P.S. § 333.103(d)(2).  The sole court to interpret this statutory language has held that restaurants lose their right to utilize a tip credit when tips are shared with employees – such as Defendant's silverware polishers – who have little to no direct customer interaction.  *See Ford v. Lehigh Valley Restaurant Group, Inc.*, 2015 Pa. Dist. & Cnty. Dec. LEXIS 11 (P.C.C.P., Lackawanna Cty.  Apr. 24, 2015) (Nealon, J.).

34.     By requiring Plaintiff and other servers to share tips with silverware polishers, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations to Plaintiff and other servers.  As such, Defendant has violated the PMWA's minimum wage mandate by paying Plaintiff and other servers an hourly wage of $2.83 rather than $7.25.

## COUNT III
### (Alleging Violations of the GPB)

35.     All previous paragraphs are incorporated as though fully set forth herein.

5

36.    Defendant is an employer covered by the GPB's mandates, and Plaintiff and other Zahav servers are employees entitled to the GPB's protections.

37.    The GPB requires that "[e]very gratuity shall be the sole property of the employee or employees to who it was paid, given or left for, and shall be paid over in full to such employee or employees." Phila. Code § 9-614(2)(a).

38.    Under the GPB, gratuities are only able to be "pooled and distributed among all employees who *directly provide service to patrons*." Phila. Code § 9-614(2)(c) (emphasis supplied).

39.    Defendant has violated the GPB by requiring Plaintiff and other servers to forfeit a portion of their tips each shift to be shared with silverware polishers.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A.    $4.42 for every hour worked;

B.    Reimbursement of gratuities shared with silverware polishers;

C.    Prejudgment interest to the fullest extent permitted under federal and state law;

D.    Liquidated damages to the fullest extent permitted under the FLSA;

E.    Exemplary damages to the fullest extent permitted under the GPB;

F.    Litigation costs, expenses, and attorneys' fees; and

G.    Such other and further relief as this Court deems just and proper.

6

Date:  December 21, 2016

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone:  (215) 884-2491

*Attorneys for Plaintiff*

7

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

16      6663

**(b)** County of Residence of First Listed Plaintiff    Clackamas Cty (Oregon)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
R. Andrew Santillo, Winebrake & Santillo, LLC, 715 Twining Road, Suite 211, Dresher, PA 19025: (215) 884-2491.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ❏ 2   U.S. Government Defendant
- ❏ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 840 Trademark | ❏ 460 Deportation |
| | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Fair Labor Standards, 29 U.S.C. sec. 201, et seq.
Brief description of cause:
Failure to pay minimum wage.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DEC 27 2016

DATE    12/21/2016

SIGNATURE OF ATTORNEY OF RECORD

C.T.

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Milwaukie, Oregon_

Address of Defendant: _237 Saint James Place, Philadelphia PA 19106_

Place of Accident, Incident or Transaction: _237 Saint James Place, Philadelphia, PA 19106_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐  No☑

Does this case involve multidistrict litigation possibilities?      Yes☐  No☑
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?      Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?      Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases (Please specify) _Fair Labor Standards Act_

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)
I, _R. Andrew Santillo_, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _12/21/16_   Attorney-at-Law   _93041_ Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court, except as noted above.      DEC 27 2016

DATE: _12/21/16_   Attorney-at-Law   _93041_ Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Tanya Peters                           :        CIVIL ACTION
                                        :
                    v.                  :        16    6637
CookNSolo, Inc.                         :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (Y)

12/21/2016              _____          Plaintiff
**Date**                **Attorney-at-law**       **Attorney for**

215-884-2491            215-884-2492             asantillo@winebaklaw.com
**Telephone**           **FAX Number**           **E-Mail Address**

(Civ. 660) 10/02

DEC 27 2016