IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANYA PETERS, on behalf of herself and similarly situated employees, <br>                              Plaintiff, <br> v. <br> ZAHAV, LLC, <br>                              Defendant. | 2:16-cv-06637-TR <br><br> **FILED** <br> JUL 06 2017 <br> KATE BARKMAN, Clerk <br> By_____ Dep. Clerk |

**ORDER**

AND NOW, this 6 day of July, 2017, upon consideration of Plaintiff Tanya Peter's ("Plaintiff") "Unopposed Motion for Preliminary Approval of the Class/Collective Action Settlement, Certification of the Proposed Settlement Class/Collective, and Appointment of Class Counsel" ("Motion") (Doc. 18), the accompanying "Class/Collective Action Settlement Agreement" ("Agreement") (Doc. 18-1), the accompanying Declaration of R. Andrew Santillo ("Santillo Dcl.") (Doc. 18-2), the accompanying Memorandum of Law (Doc. 19), and all other papers and proceedings herein, it is hereby **ORDERED** that:

    1.    The Motion is **GRANTED**, and the parties' settlement of this class/collective action is **PRELIMINARILY APPROVED** because the settlement "falls within the range of possible approval" and does not disclose "'grounds to doubt its fairness or other obvious deficiencies.'" In re National Football League Players' Concussion Injury Litigation, 301 F.R.D. 191, 197-98 (E.D. Pa. 2014), aff'd, 821 F.3d 410 (3d Cir. 2016).

    2.    The Court finds that conditional certification of Plaintiff's Fair Labor Standards Act claims is appropriate for the following Collective: Plaintiff Tanya Peters and all other individuals who, during any time between December 27, 2013 and January 11, 2017, worked as servers at Defendant's Zahav Restaurant in Philadelphia, PA. These 41 individuals are identified

in the Agreement. The Court finds that Plaintiff has made a modest factual showing that she and members of the Collective are similarly situated for purposes of 29 U.S.C. § 216(b), see Symczyk v. Genesis Healthcare Corporation, 656 F.3d 189, 192-93 (3d Cir. 2011), because, *inter alia*, they all worked at Defendant's Zahav restaurant as servers and were subjected to the common policies of utilizing the tip credit to satisfy the minimum wage requirement and allegedly permitting tip proceeds to be shared with silverware polishers.

3. The Court also finds that Plaintiff has satisfied the requisites for a class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) and certifies Plaintiff's claims under the Pennsylvania Minimum Wage Act and Philadelphia Gratuity Protection Bill for the following Class: Plaintiff Tanya Peters and all other individuals who, during any time between December 27, 2013 and January 11, 2017, worked as servers at Defendant's Zahav Restaurant in Philadelphia, PA. These 41 individuals are identified in the Agreement.

4. In order for a class to be certified pursuant Federal Rule of Civil Procedure 23, Plaintiff must fulfill the four prerequisites of Rule 23(a). As discussed below, each of these factors are satisfied:

    a. Rule 23(a)(1)'s numerosity requirement is satisfied because the Class consists of 41 individuals which is sufficiently numerous that joinder would be impracticable. See, e.g., Grant v. Sullivan, 131 F.R.D. 436, 446 (M.D. Pa. 1990) (certifying 14-member class).

    b. Rule 23(a)(2)'s commonality requirement is satisfied because there are common questions of law and fact among the Class. "'A putative class satisfies Rule 23(a)'s commonality requirement if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class.'" Reyes v. Netdeposit, LLC, 802 F.3d 469, 486 (3d Cir. 2015) (quoting Rodriguez v. Nat'l City Bank, 726 F.3d 372, 382 (3d Cir. 2013)). The

commonality requirement is satisfied here because, *inter alia*, Class members worked as servers at Defendant's Zahav restaurant during the class period and were subjected to Defendant's common policies of utilizing the tip credit to satisfy the minimum wage requirement and allegedly permitting tip proceeds to be shared with the restaurant's silverware polishers.

   c. Rule 23(a)(3)'s typicality requirement is satisfied because Plaintiff's claims are typical of the claims of the Class and arise from Defendant's alleged unlawful tip-credit/tip-sharing policies and the potential minimum wage violations arising from these practices. As a result, Plaintiff's interests are aligned with those of the Class. Lawsuits challenging the same conduct which "affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims." Baby Neal v. Casey, 43 F.3d 48, 58 (3d Cir. 1994).

   d. Rule 23(a)(4)'s adequacy requirement is satisfied if both: "(a) the plaintiff's attorney [is] qualified, experienced, and generally able to conduct the proposed litigation, and (b) the Plaintiff [does] not have interests antagonistic to those of the class." Weiss v. York Hospital, 745 F.2d 786, 811 (3d Cir. 1984) (internal quotations omitted). Here, the adequacy requirement is satisfied. First, Plaintiff's counsel have successfully resolved many class and collective lawsuits and have substantial experience in the field of wage an hour law. See generally Santillo Dcl. (Doc. 18-2). Also, Plaintiff does not have any interests that are antagonistic to the Class.

  5. Plaintiff has asked that the Class be certified pursuant to Rule 23(b)(3). Rule 23(b)(3) is satisfied if "the court finds the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

3

    a. The Supreme Court recently observed when discussing Rule 23(b)(3)'s predominance requirement:

> The predominance inquiry "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." When "one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members."

Tyson Foods, Inc. v. Bouaphakeo, __ U.S. __, 136 S. Ct. 1036, 1045 (2016) (internal citations omitted). Here, the predominance factor is fulfilled because the success or failure of Plaintiff's challenge to Defendant's common tip-credit/tip-sharing policies will turn on this Court's application of common legal principles to a set of common set of facts.

    b. Rule 23(b)(3)'s superiority prerequisite requires the Court "to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication," In re: Prudential Insurance Co. America Sales Practice Litig., 148 F.3d 283, 316 (3d Cir. 1998), and "sets out several factors relevant to the superiority inquiry," id. at 315-16. First, Rule 23(b)(3)(A) examines whether individual class members have a strong interest in "individually controlling the prosecution" of separate actions. This requirement is satisfied where, as here, individual class members' alleged damages are relatively small in comparison to the inconvenience and expense of individual litigation. See, e.g., In re: Warfarin Sodium Antitrust Litig., 391 F.3d 516, 534 (3d Cir. 2004). Second, Rule 23(b)(3)(B) requires an examination of "the extent and nature of any litigation concerning the controversy already begun by" class members. This factor is satisfied because no related litigation exists. Third, Rule 23(b)(3)(C) looks at the desirability of "concentrating the litigation of the claims in a particular forum." Fed. R. Civ. P. 23(b)(3)(C). This factor is satisfied because Defendant's restaurant is

located in Philadelphia. Fourth, Rule 23(b)(3)(D) examines any "likely difficulties in managing the class action." Fed. R. Civ. P. 23(b)(3)(D). This requirement is automatically satisfied when a case is being certified for settlement purposes. See Amchem Products Inc. v. Windsor, 521 U.S. 591, 620, 117 S. Ct. 2231, 2248 (1997).

6. Pursuant to Federal Rule of Civil Procedure 23(g), Winebrake & Santillo, LLC is appointed to serve as class counsel based on its experiences in handling class/collective actions such as this and its knowledge of the applicable wage and hour laws. See generally Santillo Dcl. (Doc. 18-2).

7. The "Notice of Settlement" ("Notice") attached to the Agreement as Exhibit B and the notice protocols described in paragraphs 6-8 of the Agreement are approved pursuant to Federal Rule of Civil Procedure 23(e)(1).

8. Individuals who wish to exclude themselves from the settlement must follow the procedures described in paragraph 7 of the Agreement and Section 6 of the Notice. Individuals who wish to object to the settlement must follow the procedures described in paragraph 8 of the Agreement and Section 9 of the Notice.

9. Pursuant to Federal Rule of Civil Procedure 23(e)(2), a hearing addressing final approval of the settlement will be held at the United States Courthouse, 601 Market Street, Philadelphia, PA in Courtroom __3-6__ at __9:30 a.m.__ on __Oct. 24__, 2017.[1] During this hearing, the Court will hear from any objectors or other putative class/collective members who wish to address the Court and will hear argument form counsel regarding, *inter alia*, the following issues: whether the settlement warrants final approval as fair, reasonable and

---

[1] Note to the Court: Because the settlement requires object to or exclude themselves from the settlement on or before a postmark deadline falling 63 calendar days after the entry of this Order, *see* Agreement at ¶¶ 7-8, Plaintiff respectfully requests that the final approval hearing be scheduled no earlier than 80 calendar days after the entry of this Order.

adequate pursuant to Federal Rule of Civil Procedure 23(e)(2) and the decisional law pertaining to the final approval of class and collective actions; whether the service award described in paragraph 11 of the Agreement warrant approval under the applicable decisional law; and whether the attorney's fees and litigation expenses sought by Plaintiff's counsel and described in paragraph 10 of the Agreement warrant approval under Federal Rule of Civil Procedure 23(h) and the applicable decisional law.

10. Seven days prior to the final approval hearing, Plaintiff's counsel shall file all papers in support of the final approval of the settlement and the associated issues described in paragraph 9 *supra*.

SO ORDERED:

_____
Hon. Timothy R. Rice
United States Magistrate Judge

ENTERED

JUL -7 2017

CLERK OF COURT